IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| NORMAN L. AGNEW | § | |
| VS. | § | CIVIL ACTION NO. 9:17-CV-110 |
| DETECTIVE JOHNSON, *et al.*, | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND
## ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Norman L. Agnew, a pre-trial detainee formerly confined at the Nacogdoches County Jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against several defendants.

The Court referred this matter to the Honorable Zack Hawthorn United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends plaintiff's claims against the Nacogdoches Police Department, the Nacogdoches Sheriff's Department, the Nacogdoches County Jail, Grand Jury Foreman David Darby and Assistant District Attorney Nicole Lastrocco be dismissed for failure to state a claim and as frivolous.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge (docket entry nos. 13, 16 & 17). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

As outlined by the Magistrate Judge, both prosecutors and grand jury forepersons are entitled to absolute immunity. Plaintiff's claims against these defendants, therefore, are barred by immunity. *See, e.g., Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994); *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985); *Walker v. Skeen*, 31 F. App'x 155 (5th Cir. 2001). Furthermore, the Nacogdoches Police Department, the Nacogdoches

Sheriff's Department and the Nacogdoches County Jail are not separate legal entities having jural authority. *See, e.g., Bridges v. Rossie*, No. 3:96cv448, 1998 WL 241242 at *5 (N.D. Tex. May 6, 1998) (holding that Dallas Police Department lacks jural existence and the capacity to be sued); *Magnett v. Dallas County Sheriff's Department*, No. 3:96cv3191, 1998 WL 53555 at *1 (N.D. Tex. Jan. 20, 1998) (holding that neither the Dallas County Sheriff's Department nor the Dallas County Sheriff's Department Detention Services Bureau has the legal authority to engage in separate litigation); *Jacobs v. Port Neches Police Department*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (holding that county sheriff's department and county district attorney's office are not legal entities capable of suing or being sued). Plaintiff has failed to show these entities have the capacity to be sued.

ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A **PARTIAL JUDGMENT** will be entered in accordance with the recommendations of the Magistrate Judge.

**So Ordered and Signed**
**Dec 1, 2017**

_____
Ron Clark, United States District Judge